IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANA CORNELIO <br> (BOP Register No. 38365-177), <br><br> Movant, <br><br> V. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:16-cv-1432-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Ana Cornelio, a federal prisoner proceeding *pro se*, has filed a motion construed as seeking to vacate, set aside, or correct a federal sentence under 28 U.S.C. § 2255. *See* Dkt. No. 2. In her motion, which she acknowledges is successive, Cornelio asserts that a two-level enhancement to her Guidelines sentence was a violation of due process based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process," *id.* at 2563, and which the Supreme Court recently made retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016).

This civil action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

The undersigned issues the following findings of fact, conclusions of law, and

recommendation that, regardless whether it possesses merit, because Cornelio's motion to vacate is successive, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

## Applicable Background

In 2009, Cornelio pleaded guilty to one count of drug conspiracy, in violation of 21 U.S.C. §§ 846a and 841(b)(1)(A), and, in 2010, she was sentenced to 200 months' incarceration. *See United States v. Cornelio*, No. 3:08-cr-268-B (02) (N.D. Tex.). Cornelio did not file a direct appeal, but she already has collaterally attacked her sentence under Section 2255. *See Cornelio v. United States*, Nos. 3:11-cv-341-B & 3:08-cr-268-B (02), 2012 WL 5465476 (N.D. Tex. Oct. 22, 2012), *rec. adopted*, 2012 WL 5471492 (N.D. Tex. Nov. 9, 2012) (denying her motion, which raised claims concerning her sentence and that her counsel was constitutionally ineffective).

Cornelio asserts through the current Section 2255 motion that a two-level enhancement to her Guidelines sentence based on possession of a dangerous weapon (firearms), pursuant to USSG § 2D1.1(b)(1), violated due process because *Johnson* "invalidated the 'residual clause' as to the enhancements imposed on defendants, based on the assumption of violence. The gun enhancement is based on a premise that with drugs, comes violence via firearms. *Johnson* invalidated this uniform thinking." Dkt. No. 2 at 5.

While this Court is not the initial gatekeeper for successive Section 2255 motions, Cornelio's argument appears to stretch the due process holding of *Johnson*.

That holding is limited to ACCA's residual clause. *See Johnson*, 135 S. Ct. at

2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). That clause provided that a prior conviction qualified as a violent felony for purposes of sentencing enhancement if it "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). And as to due process, *Johnson* held that imposing an increased sentence under ACCA's residual clause violates due process because that clause is so vague that it "denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557.

Cornelio was not sentenced under ACCA's residual clause, nor does she attack similar language in another applicable federal statute. She instead appears to attack an enhancement to her sentence pursuant to the advisory sentencing guidelines.

In a case in which – unlike here – the conviction was not final, the Fifth Circuit extended *Johnson* to invalidate a portion of another federal statute, *see United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016) (applying *Johnson* to find 18 U.S.C. § 16's statutory definition of "crime of violence" is unconstitutionally vague), *reh'g en banc granted*, 815 F.3d 189 (5th Cir. 2016), but, in the same decision, the Court of Appeals questioned whether *Johnson* could apply to the Guidelines, *see id.* at 227 ("If Gonzalez–Longoria had challenged [USSG] § 2L1.2 as unconstitutionally vague, we would have to determine whether guideline provisions are immune from vagueness challenges, as the Eleventh Circuit recently held." (citing *United States v. Matchett*, 802 F.3d 1185, 1195 (11th Cir. 2015) ("Because there is no constitutional right to sentencing guidelines – or, more generally, to a less discretionary application of

sentences than that permitted prior to the Guidelines – the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." (quoting *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990))))); *cf. In re Griffin*, No. 16-12012-J, ___ F.3d ____, 2016 WL 3002293, at *4 (11th Cir. May 25, 2016) (per curiam) (noting that "it is not enough for a federal prisoner to simply identify *Johnson* and the residual clause as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but he also must show that he was sentenced under the residual clause in the ACCA and that he falls within the scope of the new substantive rule announced in *Johnson*" (citing 28 U.S.C. § 2244(b)(3)(C))).

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C.

2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, Cornelio's successive 2255 motion seeking relief pursuant to *Johnson* should be transferred there for appropriate action.

## Recommendation

The Court should transfer Cornelio's current Section 2255 motion to vacate to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 27, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE